# CIVIL COVER SHEET

14-(W) 5294

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

14  5294

## I. (a) PLAINTIFFS
Kathleen Tavoni and Steven Tavoni
615 Worrall Ave.
Kennett Square, PA 19348

**DEFENDANTS**
Jeremy Augustynski          Ahearn Equipment Inc.
34 Grace Lane               460 Main St.
Southbridge, MA 01550       Spencer, MA 01562-1906

(b) County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Worcester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
J. Patrick Holahan, II
J. Patrick Holahan, II & Associates LLC
928 E. Baltimore Pike
Kennett Square, PA 19348
610-444-9795

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 Diversity of Citizenship
Brief description of cause:
The Plaintiffs are citizens of the Commonwealth of Pennsylvania and the Defendants are citizens of Massachusettes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

S.T.

DATE  09/09/2014
SIGNATURE OF ATTORNEY OF RECORD
SEP 16 2014

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 615 Worrall Ave., Kennett Square, PA 19348

Address of Defendant: Jeremy Augustynski: 34 Grace Lane, Southbridge, MA 01550; Ahearn Equp. Inc.: 460 Main St., Spencer, MA 01562-1906

Place of Accident, Incident or Transaction: New Garden Township, Chester County, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No X

Does this case involve multidistrict litigation possibilities?   Yes ☐   No X

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No X
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No X

CIVIL: (Place X in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. X Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, J. Patrick Holahan, II, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9·14·14   _____ Attorney-at-Law   45679 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9·14·14   _____ Attorney-at-Law   45679 Attorney I.D.#   SEP 16 2014

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KATHLEEN TAVONI & STEVEN K. TAVONI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| JEREMY AUGUSTYNSKI | : | |
| And | : | |
| AHEARN EQUIPMENT INC. | : | |

14 5294

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred
    to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 09/09/2014 | *[signature]* | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-444-9795 | 610-444-6435 | legal@jpholahan2.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

SEP 16 2014

$400

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN TAVONI <br> And <br> STEVEN K. TAVONI <br> 615 Worrall Ave. <br> Kennett Square, PA 19348, <br>           Plaintiffs, <br> v. <br><br> JEREMY AUGUSTYNSKI <br> 34 Grace Lane <br> Southbridge, MA 01550 <br> And <br> AHEARN EQUIPMENT INC. <br> 460 Main St. <br> Spencer, MA 01562-1906, <br>           Defendants. | CIVIL ACTION <br><br> No. 14  5294 <br><br><br><br> COMPLAINT |

Plaintiffs, Kathleen Tavoni and Steven Tavoni, wife and husband, complaining of the Defendants by and through their attorney, Law Offices of J. Patrick Holahan, II, & Associates, LLC, respectfully allege as follows:

## JURISDICTION AND VENUE

Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §1332, Diversity of Citizenship, in that the Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of the Commonwealth of Massachusetts and the amount in controversy is in excess of 75,000.00. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that the cause of action arose in this district.

## PARTIES

1. Plaintiffs, Kathleen Tavoni and Steven Tavoni are adult individuals, husband and wife and citizens of the Commonwealth of Pennsylvania, with a place of residence

located at 615 Worrall Avenue, Kennett Square, Chester County, PA.

2. Defendant, Jeremy Augustynski is an adult individual, a citizen of the Commonwealth of Massachusetts, with a place of residence located at 34 Grace Lane, Southbridge, MA, and at all times pertinent to this Complaint was acting in his individual capacity and the agent, servant, workman, or employee of Defendant Ahearn Equipment Inc., and at all times pertinent to this Complaint was operating a certain 2011 Chevrolet Silverado with a trailer attached and said vehicles were owned by Defendant Ahearn Equipment Inc.

3. Defendant Ahearn Equipment Inc. is a corporation, partnership, and sole proprietorship, doing business in the Commonwealth of Massachusetts with its headquarters or personal place of business located at 460 Main Street, Spencer, Massachusetts, and for the purpose of this diversity action is a citizen of the Commonwealth of Massachusetts.

4. At all times pertinent to this Complaint, Defendant Ahearn Equipment Inc. was the employer of Defendant Jeremy Augustynski, and the owner of a certain 2011 Chevrolet Silverado pickup truck with a utility trailer attached which was operated by the Defendant Jeremy Augustynski with full permission by Defendant Ahearn Equipment Inc.

5. At all times pertinent to this Complaint, Defendant Jeremy Augustynsky was the operator of a certain pickup truck with utility trailer attached, owned by Defendant Ahearn Equipment Inc. and with the full permission of Ahearn Equipment Inc., and at all times pertinent to this Complaint, Defendant Jeremy Augustynski was acting in his own capacity and as the agent, servant, workman, and/or employee of Defendant Ahearn Equipment Inc. within the scope of his employment.

## FACTUAL ALLEGATIONS

6. Plaintiffs incorporate paragraphs 1-5 above inclusive as though the same were more fully set forth at length herein.

7. On or about October 2, 2012, at or about 3:35 p.m. the Plaintiff, Kathleen Tavoni was operating a school bus owned by George Kraft Jr. and Sons Inc., and was returning children home from school within the Kennett Consolidated School District, and while operating said motor vehicle in a northbound direction on Penn Green Road at or about its intersection with Laurel Heights Road in New Garden Township, Chester County Pennsylvania.

8. On that same date and at that same time, Defendant, Jeremy Augustynski, was operating the pickup and trailer attachment owned by Defendant Ahearn Equipment Inc. in a westerly direction on Laurel Heights Road, and was approaching the intersection with Penn Green Road. Laurel Heights Road does have a stop sign for traffic entering onto Penn Green Road.

9. On the above said date and time, Defendant Jeremy Augustynski, negligently caused the pickup truck and trailer to enter the intersection without stopping at the stop sign and collided with the school bus, which in turn caused Plaintiff's vehicle to spin around and come to a stop in the opposite direction on Penn Green Road.

10. The above-described accident caused certain damages and injuries to the Plaintiff, Kathleen Tavoni, more fully set forth hereafter.

## NEGLIGENCE
### A. PLANTIFFS vs. JEREMY AUGUSTYNSKI

11. Plaintiffs incorporate paragraphs 1-10 above inclusive as though the same were

re fully set forth at length herein.

12. The aforementioned accident, as well as the injuries and damages as set forth more fully hereinafter, were in no way caused by any act or failure to act on the part of the Plaintiffs, and the Plaintiffs did not in any way contribute to the cause of this said accident, or to the damages or injuries which resulted therefrom.

13. Plaintiff Kathleen Tavoni's injuries, as set more fully hereinafter, were the direct and proximate result of the intent, negligence, carelessness, recklessness and/or gross negligence of the Defendant, Jeremy Augustynski, whose acts, actions or omissions, consisted of, but were not limited to the following:

    a. operating his motor vehicle at an excessive rate of speed under the circumstances;

    b. failing to maintain his vehicle under proper and adequate control;

    c. failing to observe the Plaintiff's vehicle on the highway;

    d. failing to operate his vehicle in accordance with the existing traffic conditions and controls;

    e. negligently failing to apply his breaks when by doing so he could have avoided the accident;

    f. failing to stop at the clearly designated stop sign controlling traffic for vehicles on Laurel Heights Road;

    g. operating his vehicle in a manner not consistent with the road and

weather conditions prevailing at the time;

  h. failing to operate his motor vehicle in a speed in a manner that would have allowed him to stop at the stop sign within the assured cleared distance ahead;

  i. negligently failing to keep the brakes system in his vehicle in proper and safe working condition;

  j. negligently applying the brakes of his vehicle;

  k. otherwise operating said motor vehicle in a careless, reckless, and negligent manner and in a manner violating the motor vehicle code of the commonwealth of Pennsylvania.

### B. PLAINTIFFS vs. DEFENDANT AHEARN EQUIPMENT INC.

14. Plaintiffs incorporate paragraphs 1-13 above inclusive as though the same were more fully set forth at length herein.

15. Plaintiff Kathleen Tavoni's injuries as set forth more fully herein after, were the direct and proximate result of the intent, negligence, carelessness, and/or gross negligence of Defendant Ahearn Equipment Inc., whose acts, actions, or omissions consisted of, but were not limited to the following:

  a. all allegations of negligence as alleged against Defendant Jeremy Augustynski, are included herein by reference, are imputed against this Defendant on the theories of agency, employment, respondeat superior, and common purpose of plans;

  b. negligent entrustment of a motor vehicle in question to a person not qualified to operate the vehicle under the conditions that existed at the time of the accident;

  c. failing to adequately guarantee that the person to whom said vehicle was entrusted would operate the vehicle in a safe and proper manner;

  d. negligently failing to properly inspect the motor vehicle to ensure that said vehicle was in a good, safe, working order, and specifically the braking system of said vehicle was in order;

  f. negligently allowing its' employee driver to operate its' vehicle when Defendant knew, or should have known in the exercise of ordinary care, that the brake system of the truck was not in good, proper, safe, working order.

## DAMAGES

### A. KATHLEEN TAVONI AGAINST DEFENDANTS

16. Plaintiff incorporates paragraphs 1-15 above inclusive as though the same were more fully set forth at length herein.

17. As a result of the aforementioned accident, Plaintiff, Kathleen Tavoni, suffered severe injuries, which include but are not limited to the following:

  a. aggravation to preexisting lumbar disc herniation at L4-5;

  b. bilateral L5 radiculopathy as confirmed in the EMG study of February 14, 2013;

  c. bilateral L4 rediculitis;

  d. aggravation to preexisting carpal tunnel;

   e.  left shoulder contusions including tearing of the labrum and tearing of the subscapulais tendon with the rotator cuff tendinopathy;

   f.  bursitis left should;

   g.  C3-C4, C4-C5 disc bulging with flattening of the thecal sac anteriorly;

   h.  cervical strain and sprain including aggravation to asymptomatic degenerative changes;

   i.  aggravation to preexisting lumbar degenerative changes;

   j.  severe shock to her nerves and nervous system; and

   k.  great and severe pain, suffering and mental anguish.

  Some or all of the above-mentioned injuries may and probably will be permanent in nature, further amplifying the pain, suffering and mental anguish of the Plaintiff, Kathleen Tavoni.

  18.  As a result of her injuries, Plaintiff, Kathleen Tavoni, has or may have suffered a permanent disability and impairment of her earning power and capacity.

19. As of this date, Plaintiff, Kathleen Tavoni, has lost emoluments of employment in excess of those reimbursed to her under the terms of equitable insurance coverage including workman's compensation insurance coverage, and therefore demands payment of this amount from the Defendant.

20. As a result of her injuries, Plaintiff, Kathleen Tavoni, sustained a permanent diminution in her ability to enjoy life and life's pleasures.

21. As a result of her injuries, Plaintiff, Kathleen Tavoni, has incurred or may hereinafter incur other medical expenses and income losses which exceed sums recoverable under any workman's compensation coverage.

22. As a result of the accident caused by the Defendants, and the injuries suffered by Plaintiff, Kathleen Tavoni, the Plaintiff has undergone extensive medical treatment, therapy and use of therapeutic devices, plus extensive medications, and may and probably will continue to do so for an indefinite time into the future, perhaps permanently.

23. The aforementioned injuries suffered by Plaintiff, Kathleen Tavoni, were caused, activated, aggravated or accelerated by the accident in question.

24. Plaintiff, Kathleen Tavoni, is subject to reimbursement pursuant to the Pennsylvania Worker's Compensation Act 77 P.S. § 671.

WHEREFORE, Plaintiff, Kathleen Tavoni, respectfully demands judgment against each Defendant jointly and severally in an amount in excess of $75,000.00.

### B. STEVEN TAVONI v. DEFENDANTS

25. Plaintiffs incorporate paragraphs 1-24 above inclusive as though the same were

more fully set forth at length herein.

26. Plaintiff, Steven Tavoni, avers that he is the husband of the Plaintiff, Kathleen Tavoni.

27. As a result of the injuries and damages suffered by his said wife, caused by the negligence of the Defendants as above-described, Plaintiff, Steven Tavoni, has been deprived of the society, companionship, and consortium of his said wife, all to his great financial and emotional detriment.

WHEREFORE, Plaintiff, Steven Tavoni, respectfully demands judgment against each Defendant jointly and severally, in an amount in excess of $75,000.00, plus costs.

## JURY TRIAL

The Plaintiffs, Kathleen Tavoni and Stephen Tavoni, respectfully demand a trial by jury.

Law Offices of J. Patrick Holahan, II, & Associates, LLC

By: /s/ J. Patrick Holahan
J. PATRICK HOLAHAN, II, ESQUIRE
928 East Baltimore Pike
PO Box 818
Kennett Square, Pennsylvania 19458-0818
610-444-9795 - phone
610-444-6435 - fax
pat@jpholahan2.com - email
Attorney ID No. 45679

# AFFIDAVIT

I, Kathleen Tavoni, the Plaintiff in the forgoing pleading hereby states that the facts contained herein are true and correct to the best of my information, knowledge and belief and this Affidavit or Verification is made subject to penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

*Kathleen M Tavoni*
KATHLEEN TAVONI